**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CAROLINA B. CRUZ,

               Plaintiff-Appellant,

  v.

SABLES, LLC,

               Defendant-Appellee.

No.   18-15548

D.C. No. 2:16-cv-00775-RFB-GWF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, II, District Judge, Presiding

Submitted October 22, 2018[**]

Before:    SILVERMAN, GRABER, and GOULD, Circuit Judges.

Carolina B. Cruz appeals pro se from the district court's summary judgment

and dismissal order in her action alleging federal and state law claims arising from

a dunning letter.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo the district court's ruling on cross-motions for summary judgment.  *Guatay*

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for Sables, LLC on Cruz's Fair Debt Collection Practices Act ("FDCPA") claim because Cruz failed to raise a genuine dispute of material fact as to whether Sables, LLC violated the FDCPA. *See* 15 U.S.C. § 1692f (prescribing "unfair or unconscionable means" of collecting a debt, including conducting foreclosure proceedings without a "present right to possession of the property").

Dismissal of Cruz's claim under § 1692g of the FDCPA was proper because Cruz failed to allege facts sufficient to state a claim. *See* 15 U.S.C. § 1692g(b) (setting forth requirements for disputing a debt); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-15548